Joseph La Costa  CBN#: 108443
7860 Mission Center Court, Suite 201
San Diego, California 92108
(619) 922-5287
joelacostaesq@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MATTHEW CASTRIOTTA and
GINA CASTRIOTTA

    Plaintiffs,

vs.

PARADISE VALLEY FEDERAL
CREDIT UNION, CNA Foreclosure
Services, Inc., a California Corporation,
and DOES 1 through 25, inclusive.

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:  **'17 CV 0031 AJB  BGS**

VERIFIED COMPLAINT FOR:

1. DECLARATORY RELIEF [28
   U.S.C. §§ 2201, 2202]
2. FRAUD;
3. QUIET TITLE;
4. VIOLATION OF 15 U.S.C.
   §1692, ET SEQ.
5. VIOLATION OF CALIFORNIA
   BUSINESS AND
   PROFESSIONS CODE
   SECTION 17200, ET SEQ.
6. ACCOUNTING
7. VIOLATION OF CALIFORNIA
   CIVIL CODE SECTIONS 2924
   AND 2923.5
8. INJUNCTIVE RELIEF;

DEMAND FOR JURY TRIAL

# TABLE OF CONTENTS

I.      STATEMENT OF THE CASE...................................................3

II.     JURISDICTION VENUE AND PARTIES..........................3

III.    INTRODUCTION..........................................................5

IV.     PLAINTIFF HAS SUFFERED, AND CONTINUES TO SUFFER, SIGNIFICANT, MONETARY, LEGAL AND EQUITABLE DAMAGES.................................................................8

V. FIRST CAUSE OF ACTION – DECLARATORY RELIEF: TO DETERMINE STATUS OF DEFENDANT'S CLAIMS [28 U.S.C. §§ 2201, 2202] .............................................................9

VI.     SECOND CAUSE OF ACTION - FRAUD ......................11

VII.    THIRD CAUSE OF ACTION – QUIET TITLE ................12

VIII.   FOURTH CAUSE OF ACTION – VIOLATION OF 15 U.S.C. § 1692, ET EQ........................................................12

IX.     FIFTH CAUSE OF ACTION – BUSINESS AND PROFESSIONS CODE 17200, ET SEQ.......................13

X.      SIXTH CAUSE OF ACTION – ACCOUNTING...................15

XI.     SEVENTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA CIVIL CODE SECTIONS 2945.6 AND 2923.5.....................................................................16

XII.    EIHGTH  CAUSE OF ACTION – INJUNCTIVE RELIEF .........17

XIII.   PRAYER FOR RELIEF................................................18

# COMPLAINT

COMES NOW, MATHEW CASTRIOTTA AND GINA CASTRIOTTA (hereinafter Plaintiffs), by and through their attorney of record, for their Complaint against Defendants,  PARADISE VALLEY FEDERAL CREDIT UNION (in its capacity as purported holder of Plaintiffs' Note and Deed of Trust) (hereinafter PARADISE VALLEY FCU); and  CNA Foreclosure Services, Inc., a California Corporation (in their capacity as purported Trustee of Plaintiffs' Deed of Trust) (hereinafter "CNA ") plead as follows:

## I.     STATEMENT OF THE CASE

1.  Plaintiff alleges that Defendants have undertaken a course of action that attempts to collect on disputed debts discharged in bankruptcy by proceeding with a foreclosure on Plaintiff's Real Property.  Defendants have failed to comply with California Civil Code Sections 2429, 2433.55, 2945.6

## II.    JURISDICTION, VENUE AND PARTIES

2.  This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331, 1343, 2201, 2202, 12 U.S.C. § 2605, 15 U.S.C. § 1692, 42 U.S.C. § 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.[1]

---

[1] The Ninth Circuit instructs that in actions brought under 28 U.S.C. § 2201, district courts must first determine whether there is an actual controversy within its jurisdiction by analyzing the factors enumerated in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942). The *Brillhart* factors require the Court to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Brillhart*, 316 U.S. at 495; see also *Schafer v. Citimortgage* No. CV 11-03919, 2011 WL 2437267 (C.D. Cal. June 15, 2011). As held by the court in *Schafer,* This action does not involve a needless determination of state law issues, does not involve forum shopping, and is not duplicative litigation.

3. This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S. C. § 1367.

4. The unlawful conduct, illegal practices, and acts complained of and alleged in this complaint were all committed in the Southern District of California and involved real property located in the Central District of California.  Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

5. Plaintiffs are now, and at all times mentioned herein, a married couple residing in the County of Riverside, California. At all relevant times to this action, Plaintiffs have owned that real property commonly known as 29888 Sycamore Ridge Road, Murietta, California, County of Riverside, further described as  APN 908-125-004 of said County.

6. At all relevant times PARADISE VALLEY FEDERAL CREDIT UNION (hereinafter Paradise) is a *federally chartered credit union*, subject to the Federal Credit Union Act (FCUA).

7. At all relevant times CNA Foreclosure Services, Inc., (hereinafter CNA) is a corporation organized and existing under the laws of the State of California.

8. Plaintiff are ignorant of the true identity and capacity of Defendants designated as Does 1-10, but will seek leave to amend the Complaint when their identities have been ascertained according to proof at the time of trial. However, Plaintiffs allege on information and belief, that each and every Doe Defendant is in some manner responsible for the acts and conduct of the other Defendants, and were, and are responsible for the injuries, damages, and harm incurred by Plaintiffs. Plaintiffs further allege on information and belief that each such designated

Defendant acted, and acts, as the authorized agent, representative, and associate of the other Defendants in doing the things alleged herein.

9.  Whenever reference is made in the Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

10. Any allegation about acts of any corporate or other business Defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

11. At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts alleged in the Complaint. Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the other.

12. At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this complaint. Knowing or realizing that the other Defendants were engaged in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

## III.  INTRODUCTION

13. On or about September 6, 2004 the Plaintiffs executed a Note and Deed of Trust in favor of Defendant Paradise. Said Deed of Trust was recorded with the Riverside County Recorder as Instrument No. 2004-0804926.

14. The terms of the Promissory Note required Plaintiffs to make regular monthly payments in addition to comply with other provisions as set forth in the promissory note.

15. Plaintiffs made all required loan payments until 2012, at which time, as a result of the economic collapse in the real estate market, Plaintiffs filed a Chapter 7 Bankruptcy Proceeding in the Central District of California, Case Number 13-11249-WJ.

16. Plaintiff listed all debts in the Chapter 7 Proceeding, including the promissory Note Secured by said Deed of Trust recorded with the Riverside County Recorder as Instrument No. 2004-0804926.

17. Plaintiffs' Chapter 7 "Schedule D – Creditors holding Secured Claims" listed both the First Trust Deed on Plaintiffs' Residence, it also listed the aforementioned Deed of Trust showing a Balance of $216,000.00 with the "Unsecured Portion" of that Trust Deed as $216,000.00. In effect, declaring that debt to be unsecured, thereby eliminating the security interest in said real property.

18. Plaintiffs also listed on "Schedule F- Creditors Holding Unsecured Nonpriority Claims" a debt to Paradise identified as Account Number 9675 described as "TRUST DEED ON FORCLOSED PPTY" in the amount of $359,673.00.

19. A Discharge was entered in the Chapter 7 and Notice given on May 8, 2013.

20. Paradise received Notice of the Discharge. At no time during the pendency of the Chapter 7 proceeding did Paradise object to the Plaintiffs presentation of debts to the Bankruptcy Court.

21. On or about July, 2013 Plaintiffs entered into an oral modification agreement on the Deeds of Trust with Paradise. That agreement called for Plaintiffs to make a monthly installment payment of $2,800.00.

22. Plaintiffs paid said monthly installment beginning in August of 2013 and continued to make the monthly payment through and including the payment for September, 2016.

23. Defendants Paradise and CNA recorded and served on Plaintiffs a Notice of Default on September 23, 2016.

24. Upon receipt of the Notice of Default, Plaintiffs sought an accounting from Paradise. Paradise refused and continues to refuse to provide an accurate accounting of the payments made by plaintiff pursuant to the oral loan modification with Paradise.

25. Plaintiff then discovered that Paradise was applying portions of the payments to Discharged Debts, including, but not limited to the aforesaid trust deed and specifically to Account Number 9675, the debt discharged as an unsecured debt in Plaintiffs'' Chapter 7 proceeding in May of 2013.

26. Plaintiffs' contend that the grounds set forth in the Notice of Default are false and misleading and based upon the unlawful collection of debts discharged in bankruptcy.

27. Plaintiffs have examined the Civil Code Section 2923.5 Declaration attached as Exhibit "A" to the Notice of Default. Said declaration is false, in that neither plaintiff had contact with a Paradise authorized agent, and specifically did not have contact with the individual that executed said declaration.

28. The grounds stated in the Notice of Default are also false and based on misrepresentations of facts, misapplication of payments made, or not applicable since based on a Note that was discharged in a bankruptcy proceeding.

29. Plaintiff has specifically requested a loan modification, but was never provided with the opportunity to submit an application.

30. Plaintiff is informed and believes that Paradise has violated provisions of the Federal Credit Union Act (FCUA).

## IV. PLAINTIFFS HAVE SUFFERED AND CONTINUE TO SUFFER, SIGNIFICANT MONETARY, LEGAL AND EQUITABLE DAMAGES

31. The conduct described above by Paradise and CNA as well as their respective agents and employees, was malicious because Defendants knew that they were to collect a Note discharged in Bankruptcy and enforce a Deed of Trust canceled by the Bankruptcy proceeding showing it was unsecured. However, despite such knowledge, said Defendants continued to demand and attempt to collect from Plaintiffs.

32. Defendants engaged, and are engaging in, a pattern and practice of defrauding Plaintiffs, in that, on information and belief, during perhaps the entire life of the mortgage loan, Defendants failed to properly credit payments made, incorrectly calculated interest on the accounts, and failed to accurately debit fees, and applied payments to debts discharged in Plaintiffs' Chapter 7 Bankruptcy proceeding.

33. Defendants, and each of them, at all times material had actual knowledge that Plaintiffs' accounts were not accurate, but that Plaintiffs would continue to make further payments based on Defendants' inaccurate accounts.

34. Plaintiffs made payments on an oral loan modification based on the improper, inaccurate, and fraudulent representations as to Plaintiffs' accounts.

35. As a direct and proximate result of the actions of the Defendants, set forth above, Plaintiffs overpaid in interest and improperly paid discharge debts without a formal reaffirmation agreement approved by the Bankruptcy Court.

36. As a direct and proximate result of the actions of the Defendants set forth above, the title to Plaintiffs' home has been slandered, clouded, and its salability has been rendered unmarketable.

37. The conduct of Paradise and one or more of the Doe defendants has led to the imminent loss of Plaintiffs' home and to pecuniary damages. The pecuniary damages include, but are not limited to, the costs of over calculation and overpayment of interest, the costs associated with removing the cloud from their property title and attorneys' fees, in an amount to be proven at trial.

## V.   FIRST CAUSE OF ACTION – DECLARATORY RELIEF; TO DETERMINE STATUS OF DEFENDANT'S CLAIMS [28 U.S.C. § 2201, 2202]

38. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

39. Section 2201(a) of Title 28 of the United States Code states:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than the actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

40. Section 2202 of Title 28 of the United States Code states:

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

41. Plaintiff alleges that Paradise has no secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its validity is disputed due to Plaintiffs'' Chapter 7 rendering the Note and Deed of Trust to be unsecured, and discharged.

42. Defendants have initiated non-judicial foreclosure action improperly and in violation of the provisions of the California Civil Code.

43. Thus, the competing allegations above establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including the validity of Defendants' action.

44. Accordingly, Plaintiffs request the Court make a finding and issue appropriate orders stating that Defendants are unable to enforce the terms of the Note or Deed of Trust in any manner whatsoever, including exercise of the "power of sale."

45. Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties.

46. Due to the actual case and controversy regarding competing claims and allegations, it is necessary that the Court declare the actual rights and obligations of the parties and make a determination as to whether the claims of Paradise are enforceable and whether they are secured by any right, title or interest in Plaintiffs' Property.

47. Furthermore, the conduct of Defendants, and each of them, as herein described, was so malicious and contemptible that it would be looked down upon and despised by ordinary people. Plaintiffs are therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

## VI.   SECOND CAUSE OF ACTION – FRAUD

48.  Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

49.  Defendants have misrepresented facts to the Plaintiffs to further their ulterior motives.  Defendants have known, or should have known, that their representations were false, and that all acts taken for foreclosure on the Subject Property were invalid and illegal, yet defendants pursued possession of the Subject Property *via* misrepresentations of facts in Declarations required by California Civil Code Section 2423.5.

50.  Defendants willfully furthered their wrongs by concealing the actual facts from the Plaintiffs, which were the improper and illegal application of payments on debts discharged in Bankruptcy instead of the Deed of Trust as anticipated by Plaintiffs.

51.  Defendants' sole ulterior motive was to gain possession of the Subject Property by any means necessary.

52.  Defendants performed the acts alleged herein willfully and with full knowledge of their illegality and the false representation made to Plaintiffs.

53.  As a result of Defendants' fraud, plaintiffs have suffered - and continue to suffer - extreme emotional distress as well as economic damages.

54.  As a direct and proximate result of the fraud of the Defendants as set forth above, Plaintiffs suffered, and continue to suffer, general and special damages in an amount to be determined at trial, including attorney's fees, and costs of bringing suit to dispute, validate, and challenge said Defendants' purported rights to enforce the debt obligations against them.

//////

## VII.  **THIRD CAUSE OF ACTION – QUIET TITLE**

55.  Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

56.  Plaintiff names as defendants in this action all persons unknown claiming (a) any legal or equitable right, title, estate, lien, or interest in the Subject Property described in the complaint adverse to plaintiff's title, or (b) any cloud on plaintiffs' title to the property. The claims of each unknown defendant are without any right, and these defendants have no right, title, estate, lien, or interest in the subject property.

57.  Plaintiff desires and is entitled to a judicial declaration quieting title for plaintiff as of May 8, 2013, the date the court discharged and canceled subject debt note and deed of trust.

## VIII.  **FOURTH CAUSE OF ACTION – FOR VIOLATION OF 15 U.S.C. § 1692**

58.  Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

59.  Federal law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt . . . including the false representation of . . . the character, amount, or legal status of any debt . . . and the threat to take any action that cannot legally be taken…"

60.  In illegally attempting to collect on Plaintiffs' debt obligation in the manner described herein, Defendants Paradise and CNA:

    a.  Falsely represented the status of the debt, in particular, that it was due and owing to Defendant Paradise and CAN  at the time the Notice Of Default was recorded;

    b.  Threatened to take action, namely engaging in collection activities that cannot legally be taken by them;

    c. Did in fact take action, namely by recording a fraudulent "Notice of Default" of Deed of Trust, and a fraudulent notice of "Trustee's Sale" when such action cannot legally be taken by them; and

    d. Attempted to collect on the promissory note under false pretenses; namely that Paradise illegally applied Plaintiffs payments intended for their home mortgage to a debt that had been discharged in a Chapter 7 Bankruptcy Proceeding.

61. The conduct described above, and more fully in the body of this complaint, is in violation of 15 U.S.C. § 1692, et seq and therefore the Plaintiffs are entitled to any and all damages, rights, and remedies provided therein.

## IX.   FIFTH CAUSE OF ACTION – VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.

62. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

63. Defendants' conduct, for the reasons stated herein, is in direct violation of 12 U.S.C. § 2605(e), et seq.

64. Defendants' conduct, for the reasons stated herein, is in direct violation of Cal. Penal Code Section 532(f)(a)(4).

65. California Business and Professions Code section 17200, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct that is likely to deceive and is fraudulent in nature.

66. As more fully described above, Defendants' acts and practices are unlawful, unfair, and fraudulent.  This conduct is ongoing and continues to date.

67. Defendants engage in unfair, unlawful[2], and fraudulent business practices with respect to loan servicing and related matters by, among other things:

a. Executing and recording false and misleading documents; [3]

b. Executing and recording documents without the legal authority to do so;

c. Failing to disclose the principal for which documents were being executed and recorded in violation of Cal. Civ. Code section 1095;

d. Demanding and accepting payments for debts that were non-existent;

e. Violating the Security First Rule;

f. Reporting payments as late to credit bureaus without the legal right or authority to do so;

g. Acting as a beneficiary without the legal authority to do so;

h. Scheduling a "Trustee's Sale" of the subject property without the legal authority to do so; and

i. Other deceptive practices as described herein.

68. As more fully described above, Defendants' acts and practices are likely to deceive members of the public.

69. As more fully described above, Defendants acts and practices are unfair and the harm cause by the conduct outweighs any benefits that the conduct may have.

---

[2] "Unlawful" acts or practices are those forbidden by law, be it civil or criminal, federal, state or municipal, statutory, or court-made. *Saunders v. Superior Court*, 27 Cal. 4th 832 (1994); *Hewlett v. Squaw Valley*, 54 Cal. 4th 499 (1997).
[3] Defendants recording of two Substitutions of Trustee, a Notices of Default, and multiple Notices of Trustee Sale violates Cal. Penal Code section 532(f)(a)(4), which prohibits any person from filing a document related to a mortgage loan transaction with the county recorder's office which that person knows to contain a deliberate misstatement, misrepresentation, or omission. The facts demonstrate that Defendants have committed mortgage fraud by filing said documents with the county recorder's office with knowledge that the document contained a deliberate misstatement, misrepresentation, or omission of fact.

70. Plaintiff alleges that by engaging in the above described acts and/or practices as alleged herein Defendants violate several laws including Cal. Bus. and Prof. Code section 17200, et seq. and must be required to disgorge all profits related to their unfair, unlawful, and deceptive business practices.

71. Plaintiff alleges that Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors. The scheme implemented by Defendants is designed to defraud Plaintiffs and enrich the Defendants.

72. The foregoing acts and practices have caused substantial harm to California consumers, including Plaintiffs.

73. By reason of the foregoing, Defendants have been unjustly enriched and should be required to make restitution to Plaintiffs and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to Cal. Bus. Code sections 17203 and 17204.

74. As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiffs have been injured in that a cloud has been placed upon title to Plaintiffs' Property and Defendants have failed to remove this cloud from Plaintiffs' title.

75. Plaintiffs are entitled to an order compelling Paradise and any other defendants claiming an interest in and to the Property to take any and all actions necessary to remove the cloud they have placed upon their title and an order enjoining such Defendants from taking such action in the future.

## X.   SIXTH CAUSE OF ACTION – ACCOUNTING

76. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

77. Paradise has is a Federal Credit Union and Plaintiffs' creditor with a Deed of Trust for Plaintiffs Residence. As a result of this relationship with Plaintiffs, said Defendants have a fiduciary duty to Plaintiffs to properly account for payments made by Plaintiffs.

78. As a result of the aforementioned fraudulent conduct, Plaintiffs paid Paradise, mortgage payments for a period of many years. However, for the reasons stated herein, little or none of the money was actually applied to their secured debt. Instead, all or a portion of payments made by Plaintiffs were applied to a discharged debt. For that reason, these moneys are due to be returned to the Plaintiffs in full.

79. The exact amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions. Plaintiffs are informed, believe, and thereon allege that the amount due to them exceeds $75,000.00.

## XI. SEVENTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA CIVIL CODE SECTIONS 2945.6 AND 2923.5

80. Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

81. The Plaintiffs are informed, and believe and thereon allege that in spite of having no legitimate, demonstrable, and/or documented interest in the Mortgage Note and Deed of Trust, the defendant Paradise , by itself and through its agents and employees including CNA, has, as described above, undertaken multiple and ongoing overt acts to obtain moneys from the Plaintiffs related to the Defendant improper actions to foreclose on Plaintiffs residence.

82. As more fully described above, the Defendant, Paradise and CNA have violated relevant provisions of California Civil Code Sections 2945.6 in

that they based the Notice of Default on junior liens being placed on plaintiffs property, in violation of the prohibition of California Civil Code Section 2945.6.

83. Paradise, through its agents and employees, including CNA and Doe Defendants have caused to be recorded, delivered and communicated to the Plaintiffs a fraudulent declaration falsely asserting that Paradise had complied with California Civil Code Section 2423.5 stating that an authorized agent of Paradise had made contact with Plaintiffs in August, 2016 to discuss options to avoid foreclosure as required prior to filing a Notice of Default

84. The Plaintiffs are informed, and believe and thereon allege that California Civil Code Section 2423.5 require such action as a "necessary" step prior to declaring a default to initiate a Trustee Sale pursuant to the California Civil Code.

85. Defendants have no legal authority to proceed with a Trustee Sale of Plaintiffs residence until the required actions of Civil Code Section 2423.5 are completed.

## XII.    EIGTH CAUSE OF ACTION – INJUNCTIVE RELIEF

86. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

87. Defendants Paradise and CNA caused to be recorded Notice of Default for the purpose of initiating fraudulent Trustee's Sale in violation of the California Code of Civil Procedure.

88. A breach of the obligation for which the deed of trust is security has not occurred, or is excused, because of the fraud described above.

89. Defendant intends to sell the Plaintiffs' residence, and unless restrained will conduct a Trustee Sale and deprive Plaintiffs of their residence to plaintiffs' great and irreparable injury.

90. Plaintiff has been served with a Notice of Trustee Sale for January 20, 2017. If the Trustee Sale takes place as scheduled, Plaintiff will be defrauded of their property all to their irreparable harm.

91. Plaintiff believes that unless Defendants, and each of them, are restrained and enjoined from conducting said Trustee Sale, Plaintiffs will lose the right to their property, their sole residence, and peace and comfort. Plaintiffs have resided in the Murrieta residence since 2004 and its loss cannot be compensated in money damages.

92. The scheduled Trustee Sale is wrongful and should be enjoined by virtue of the facts alleged above.

93. Plaintiffs have no other plain, speedy, or adequate remedy, and the injunctive relief prayed for is necessary and appropriate at this time to prevent irreparable loss to Plaintiffs' interests.

94. Plaintiff therefore requests this Court to issue a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction restraining and prohibiting Defendants from conducting the January 20, 2017 Trustee Sale and further, restraining and prohibiting Defendants from selling any property which is the subject of this lawsuit until such time as the issues raised in this Complaint have been finally adjudicated.

## XIII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays as follows:

1. For compensatory, special and general damages in an amount according to proof at trial, but not less than $75,000,000, against Defendants;

2. For punitive and exemplary damages in an amount to be determined by the Court against all Defendants;

3. For an order compelling Defendants to remove any instrument which does not or could be construed as constituting a cloud upon

Plaintiffs' title to the Property, and other document filed with the County Recorder relative to the subject property;

4. For an order finding that Defendants have no legally cognizable rights as to Plaintiff, the Property based on the aforementioned deed trust;

5. For the Court to issue an order restraining Defendants Paradise and CNA, their agents, or employees from continuing or initiating any action against the Property and enjoining Defendants, their agents or employees from doing so during the pendency of this matter;

6. For an order compelling Defendants to disgorge all amounts wrongfully taken by them from Plaintiffs and returning same to Plaintiffs' interest thereon at the statutory rate from the date the funds were first received from Plaintiff;

7. For a Declaration of Rights and Obligations as between the Plaintiffs and all Defendants regarding the security interest claim on the Deed of Trust that is the subject of this complaint;

8. For costs of suit incurred herein;

9. For reasonable attorney fees incurred, and

10. For such other and further relief as the Court may deem proper.

Date: January 6, 2017

/s/ Joseph La Costa

---

Joseph La Costa
Attorney for Plaintiffs

## VERIFICATION

I, MATHEW CASTRIOTTA, the Plaintiff in this matter, declare that I have read the foregoing Complaint and the same is true of my own knowledge, except for those matters stated to be on information and belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on ~~December 16, 2016.~~ 1/6/2017

MATHEW CASTRIOTTA, Plaintiff

1

## VERIFICATION

2     I, GINA CASTRIOTTA, the Plaintiff in this matter, declare that I have read the foregoing

3  Complaint and the same is true of my own knowledge, except for those matters stated to be on

4  information and belief, and as to those matters I believe it to be true.

5     I declare under penalty of perjury under the laws of the State of California that the foregoing is

6  true and correct and that this declaration is executed on December 16, 2016.  1/6/2017

7

8                                        GINA CASTRIOTTA, Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28