# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CASTRIOTTA and GINA CASTRIOTTA,<br><br>Plaintiffs,<br>v.<br>PARADISE VALLEY FEDERAL CREDIT UNION; CNA FORECLOSURE SERVICES, INC., a California Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 17cv0031-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant Paradise Valley Federal Credit Union ("Defendant Paradise"). (ECF No. 10).

**I. Procedural Background**

On January 7, 2017, Plaintiffs Matthew Castriotta and Gina Castriotta ("Plaintiffs") initiated this action by filing the Complaint. (ECF No. 1). Plaintiffs assert the following causes of action against Defendants: (1) declaratory relief under 28 U.S.C. §§ 2201 & 2202; (2) fraud; (3) quiet title; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq.*; (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (6) accounting; (7) violation of California Civil Code §§ 2924 & 2923.5; and (8) injunctive relief.

On January 11, 2017, Plaintiffs filed an Emergency Ex-Parte Application for Issuance of a Temporary Restraining Order, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (ECF No. 3). On January 12, 2017 the Court denied Plaintiff's Ex Parte Application for a Temporary Restraining Order and ordered that the motion for preliminary injunction remained pending. (ECF No. 5).

On February 9, 2017, Defendant Paradise filed the Motion to Dismiss. (ECF No. 10). On March 6, 2017, Plaintiffs filed a response in opposition. (ECF No. 15). On March 13, 2017, Defendant Paradise filed a reply. (ECF No. 16). On May 12, 2017, Defendant CNA Foreclosure Services ("Defendant CNA") filed an answer to the complaint. (ECF No. 17).

**II. Allegations of the Complaint (ECF No. 1)**

"On or about September 6, 2004 the Plaintiffs executed a Note and Deed of Trust in favor of Defendant Paradise. The Deed of Trust was recorded with the Riverside County Recorder as Instrument No. 2004-0804926." (ECF No. 1 at ¶ 13). "The terms of the Promissory Note required Plaintiffs to make regular monthly payments in addition to comply with other provisions as set forth in the promissory note." *Id.* at ¶ 14.

"Plaintiffs made all required loan payments until 2012, at which time. . . Plaintiffs filed a Chapter 7 Bankruptcy Proceeding in the Central District of California[.]" *Id.* at ¶ 15. "Plaintiff listed all debts in the Chapter 7 Proceeding, including the promissory Note Secured by said Deed of Trust recorded with the Riverside County Recorder as Instrument no. 2004-0804926." *Id.* at ¶ 16. "Plaintiffs' Chapter 7 'Schedule D–Creditors holding Secured Claims' listed both the First Trust Deed on Plaintiffs' Residence, it also listed the aforementioned Deed of Trust showing a Balance of $216,000.00 with the 'Unsecured Portion' of that Trust Deed as $216,000.00. In effect, declaring that debt to be unsecured, thereby eliminating the security interest in said real property." *Id.* at ¶ 17.

"A Discharge was entered in the Chapter 7 and Notice given on May 8, 2013" in

which "Paradise received Notice[.]" *Id*. at ¶¶ 19-20. "At no time during the pendency of the Chapter 7 proceeding did Paradise object to the Plaintiffs presentation of debts to the Bankruptcy Court." *Id.* at ¶ 20.

"On or about July, 2013 Plaintiffs entered into an oral modification agreement on the Deeds of Trust with Paradise. That agreement called for Plaintiffs to make a monthly installment payment of $2,800.00." *Id.* at ¶ 21. Plaintiffs paid the monthly installment "beginning in August of 2013 and continued to make the monthly payment through and including the payment for September, 2016." *Id.* at ¶ 22.

On September 23, 2016, "Defendants Paradise and CNA recorded and served on Plaintiffs a Notice of Default." *Id.* at ¶ 23. "Upon receipt of the Notice of Default, Plaintiffs sought an accounting from Paradise. Paradise refused and continues to refuse to provide an accurate accounting of the payments made by plaintiff pursuant to the oral loan modification with Paradise." *Id.* at ¶ 24. Plaintiff discovered that "Paradise was applying portions of the payments to Discharged Debts, including, but not limited to the aforesaid trust deed and specifically to Account Number 9675, the debt discharged as an unsecured debt in Plaintiffs' Chapter 7 proceeding in May of 2013." *Id.* at ¶ 25.

Plaintiffs allege that "the grounds set forth in the Notice of Default are false and misleading and based upon the unlawful collection of debts discharged in bankruptcy." *Id.* at *¶* 26. Plaintiffs allege that they "have examined the Civil Code Section 2923.5 Declaration attached as Exhibit 'A' to the Notice of Default. Said declaration is false, in that neither plaintiff had contact with a Paradise authorized agent, and specifically did not have contact with the individual that executed said declaration." *Id.* at *¶* 27. Plaintiffs allege that [t]he grounds stated in the Notice of Default are also false and based on misrepresentations of facts, misapplication of payments made, or not applicable since based on a Note that was discharged in a bankruptcy proceeding." *Id.* at *¶* 28.

The Defendants' conduct "was malicious because Defendants knew that they were to collect a Note discharged in Bankruptcy and enforce a Deed of Trust canceled

by the Bankruptcy proceeding showing it was unsecured." *Id.* at ¶ 31. "Defendants engaged in, and are engaging in, a pattern and practice of defrauding Plaintiffs, in that, on information and belief, during perhaps the entire life of the mortgage loan, Defendants failed to properly credit payments made, incorrectly calculated interest on the accounts, and failed to accurately debit fees, and applied payments to debts discharged in Plaintiffs' Chapter 7 Bankruptcy proceeding." *Id.* at ¶ 32. "Plaintiffs overpaid in interest and improperly paid discharge debts without a formal reaffirmation agreement approved by the Bankruptcy Court." *Id.* at ¶ 35. "As a direct and proximate result of the actions of the Defendants . . . the title to Plaintiffs' home has been slandered, clouded, and its salability has been rendered unmarketable." *Id.* at ¶ 36.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to plaintiffs.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

**IV. Analysis**

**A. Fourth Cause of Action: Violation of the FDCPA**

Defendant Paradise contends the fourth cause of action "should be dismissed because the Credit Union is not a 'debt collector' as defined under the FDCPA, and foreclosing on a property pursuant to a deed of trust is not a 'debt collection activity.'" (ECF No. 10 at 14). Defendant Paradise contends that "[t]he FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Monreal v. GMAC Mortg.*, 948 F. Supp.2d 1069, 1085 (S.D. Cal. 2013) (Battaglia, J.)).

Plaintiffs contend that "[m]any courts have registered disagreement" with the holding in *Monreal*. (ECF No. 15 at 25). Plaintiffs contend that "foreclosure proceedings arguably do not constitute debt collection under the statute." *Id.* Plaintiffs contend that the FDCPA violation arises from Defendant Paradise's "attempt[] to collect a debt by demanding payments and attempting to collect payments not legally due, or inflated as a result of Defendants misapplication of payments made." *Id* .

Plaintiffs contend that "the FDCPA claim must survive based on collections of discharged debts" because "plaintiffs may maintain any FDCPA claims based on alleged actions by [defendant] in collecting a debt." *Id*. at 26.

The FDCPA prohibits a debt collector from using "any false, deceptive or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must allege facts that establish that (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *See Amelina v. Mfrs. & Traders Trust Co.*, 2015 WL 7272224, at *5 (S.D. Cal. Nov. 17, 2015) (Hayes, J.); *see also Freeman v. ABC Legal Services, Inc.*, 827 F. Supp.2d 1065, 1071 (N.D. Cal. 2011). The FDCPA applies to debt collectors, but the statute does not apply to creditors; *see Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("Creditors and their fiduciaries are not 'debt collectors' subject to the FDCPA."). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or directly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition of debt collector is "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F).

The "[C]omplaint must plead 'factual content that allows the court to draw the reasonable inference' that [Defendant Paradise] is a debt collector." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Courts have concluded that nonjudicial foreclosure actions do not constitute debt collection under the FDCPA so long as the defendant's actions are limited to those

necessary in the foreclosure proceedings. *See Amelina*, 2015 WL 7272224, at *11 (concluding that "activity related to nonjudicial foreclosure does not constitute debt collection under the FDCPA."); *Fitzgerald v. Bosco Credit, LLC*, No. 16-cv-01473-MEJ, 2016 WL 3844333, at *4 (N.D. Cal. July 15, 2016) ("'[D]istrict courts in the Ninth Circuit have consistently concluded that nonjudicial foreclosure actions do not constitute debt collection under the FDCPA to the extent a defendant's actions are limited to those necessary to effectuate the nonjudicial foreclosure.'") (citation and quotation marks omitted); *see also Monreal*, 948 F. Supp.2d at 1085. Courts have, however, noted that "persons who regularly or principally engage in communications with debtors concerning their default that go beyond the statutorily mandated communications required for foreclosure may be considered debt collectors." *Fitzgerald*, 2016 WL 3844333 at *6; *see id.* (dismissing an FDCPA claim, in part, because the defendant's "follow-up communication was not in furtherance of debt collection but was responsive to Plaintiff's inquiry."); *Perez v. Ocwen Loan Servicing, LLC*, No. 2:15-cv-1708 MCE KJN PS (TEMP), 2016 WL 4120505 at *4 (E.D. Cal. Aug. 2, 2016) (stating that "[a]ctions beyond mere foreclosure proceedings, may be considered debt collection" under the FDCPA) (citation and quotation marks omitted). Further, FDCPA does not apply to a consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned. *See Wende v. Countrywide Home Loans, Inc.*, Civil No. 10–cv–205–L(BLM), 2012 WL 642879, at *4 (S.D. Cal. Feb. 28, 2012) (Lorenz, J.).

In this case, Plaintiffs allege that Defendant Paradise violated the FDCPA because its "demands for payment and threats were unlawful." (ECF No. 15 at 26). Plaintiffs fail to state facts sufficient to support a reasonable inference that Defendant Paradise's notice of default and foreclosure proceedings fell outside the statutorily mandated communications required for foreclosure. Plaintiffs make the conclusory allegation that Defendant Paradise "[t]hreatened to take action, namely engaging in collection activities that cannot legally be taken by them." (ECF No. 1 at ¶ 60). Further,

Plaintiffs have alleged no facts to show that Defendant Paradise acquired the loan after the borrower was in default. Plaintiffs fail to allege facts to show that the Defendant's actions went beyond what was necessary to commence the nonjudicial foreclosure. Thus, Plaintiffs fail to allege sufficient facts to plausibly suggest that Defendant Paradise is a debt collector under the FDCPA.

The Court concludes that Plaintiffs fail to state a claim for violation of the FDCPA. Defendant Paradise's Motion to Dismiss is granted with respect to the FDCPA claim against Defendant Paradise.

### B. Remaining State Causes of Action and Declaratory Relief

In addition to the FDCPA claim, Plaintiffs assert six state law claims and a claim for declaratory relief under 28 U.S.C. §§ 2201 & 2202 in the Complaint. The Complaint states that this case is properly in federal court based on federal question jurisdiction. (ECF No. 1 at ¶ 2). The Complaint states that this Court has "supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367." *Id.* at ¶ 3. The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(2).

Plaintiffs filed this Complaint in federal court on the basis of federal question jurisdiction and supplemental jurisdiction "over the pendant state law claims." (ECF No. 1 at ¶¶ 2-3). Plaintiffs' federal claim for declaratory relief alone does not support federal jurisdiction. *See Quintos v. Decision One Mortg. Co., LLC*, No. 08-CV-1757 JM (POR), 2008 WL 5411636, at *4 (S.D. Cal. Dec. 29, 2008) (Miller, J.) ("Plaintiff's federal claim for declaratory relief, by itself, does not support federal jurisdiction.")

1 *(citing Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Having dismissed the FDCPA claim asserted by Plaintiffs against Defendant Paradise, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c) as to Defendant Paradise. *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (affirming the district court's dismissal of the plaintiffs' supplemental claims under 28 U.S.C. § 1367(c)(2), and concluding that the "state law claims substantially predominate over the federal law claim[s].").

**V. Conclusion**

IT IS HEREBY ORDERED that Defendant Paradise's Motion to Dismiss (ECF No. 10) is GRANTED. All claims in the Complaint against Defendant Paradise are dismissed without prejudice. No later than **thirty (30) days** from the date of this Order, Plaintiffs may request a hearing date to file a motion for leave to amend the Complaint as to Defendant Paradise.

DATED: August 3, 2017

**WILLIAM Q. HAYES**
United States District Judge